*Per Curiam.
The charge of the district court to the jury was in strict accordance with the principle decided in the case of Cooper v. Hall, 5 Ohio, 321, which has been regarded as settled law in Ohio for more than twenty years. It has been said that this ease was not strictly adhered to by the late Supreme Court on the circuit, in some parts of the state. We can not sanction this assertion. The case of Cooper v. Hall was decided on the authority of Palmer v. Mulligan, 3 Caine, 307, and the doctrine laid down by Chancellor Kent, in his Commentaries, 3d vol., sec. 440, page 546. And it is a doctrine which rests upon sound reason, and is well sustained by the analogy of numerous well-considered cases both in England and in this country. Weston v. Alden, 8 Mass. 136; Beissel v. Strall, 4 Dallas, 211; Wadsworth v. Tillotson, 15 Conn. 366; Johns v. Stephens, 3 Vt. 308; Williams v. Morland, 9 Eng. Com. L. 269; Embrey et al. v. Owen, 4 Eng. L. & Eq. 466.
The right of the riparian proprietor to the natural flow of the stream through his premises is subject to qualification, from the circumstance that streams of water being intended, as is well said by Chancellor Kent in his Commentaries, “ for the use and comfort of man, it would be unreasonable, and contrary to the universal consent of mankind, to debar riparian proprietors from the application of the water to domestic, agricultural, and manufacturing purposes,” in a proper manner, even although it did, to some extent, interfere with the natural flow of the water. The principle, therefore, arises out of the nature of the subject-matter, and the necessity required in the practical application of the water of running streams to the useful purposes mentioned, that no action can be sustained for any such use of the water, whereby the quantity is diminished in the: *189, 190 stream, or the water caused to flow more irregularly, *or to [18^ flow back on the land of the proprietor on the stream above,.unless the damage occasioned bo real, material, and substantial, arising from an unreasonable or improper use, appropriation, obstruction, or diversion of the water from its natural course or flow.

Motion overruled.